UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

**ANDERSON ARAUJO**
9 Oakley Road
White Plains, NY 10606
    Plaintiff,

vs.                      **Case No.** 23-CV-1190

**MICHAEL T. WEDELSTADT**
1405 N. 16th Street
Sheboygan, WI 53081

**GRAVEYARD AUTO, LLC**
W10801 Shaky Lake Road
Hortonville, WI 54944

**AUTOPRO EXPRESS, INC.**
W10890 School Road
Fremont, WI 54940

**XYZ INSURANCE COMPANY**
An unknown company
    Defendant.
_____

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND FOR DISMISSAL OF THE PLAINTIFF'S COMPLAINT
_____

    Defendants Michael T. Wedelstadt, Graveyard Auto, LLC, and AutoPro Express, Inc., (hereinafter "Defendants"), by and through their attorney, Franz J. Maurer, and pursuant to Rules 56 and 12(b), and 12(h)(3) of the Federal Rules of Civil Procedure, hereby submit the following Memorandum in Support of Defendants' Motion for Summary Judgment and for Dismissal of the Plaintiff's Complaint.

# INTRODUCTION

The Plaintiff in this action, Anderson Araujo, (hereinafter "Plaintiff") is and was, at all times relevant and material to the subject matter of this action, an adult citizen and resident of the State of New York. (Defendants' Facts at ¶ 1) One of the Defendants in this action, Michael Wedelstadt, is and was an adult citizen and resident of the State of Wisconsin. (Defendants' Facts at ¶ 2) The next, Defendant Graveyard Auto, LLC, is and was a limited liability corporation registered and doing business in the State of Wisconsin. (Defendants' Facts at ¶ 3) The final Defendant, AutoPro Express, Inc., is and was a business corporation registered in the State of Wisconsin. (Defendants' Facts at ¶ 4)

The Plaintiff has alleged two (2) claims or causes of action against all three (3) of the Defendants to this action, for: Property Loss Through Fraudulent Misrepresentation (Wis. Stat. Sections 943.203 and 895.446), and Unfair Trade Practice: Untrue, Deceptive, or Misleading Representation (Wis. Stat. Section 100.18) (Defendants' Facts at ¶ 6) The Plaintiff has alleged that this Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. Section 1332(a) (Defendants' Facts at ¶ 5)

At all times relevant to the subject matter of this lawsuit, the Plaintiff owned an independent corporation named, "Ben's Hauling, Inc. (Defendants' Facts at ¶ 7) The Plaintiff served as President of Ben's Hauling, Inc., during this period of time. (Defendants' Facts at ¶ 8) Ben's Hauling, Inc., was an active business corporation, incorporated and licensed to do business in the State of New York. (Defendants' Facts at ¶ 9) Ben's Hauling, Inc., is not named as a Plaintiff in this lawsuit. (Defendants' Facts at ¶ 10)[1]

---

[1] The Plaintiff's Complaint identifies that he owned an auto transport business in White Plains, New York, but makes no further reference to this entity with respect to any of the remaining allegations of the Complaint. (See Complaint generally)

Ben's Hauling, Inc., was incorporated in 2017, for the purpose of booking "loans with brokers for the car dealerships, auction houses, (and to) pick up vehicles from one location to – delivered (sic) to a different location. (Defendants' Facts at ¶ 11) In fact, this corporation has purchased multiple commercial vehicles for its own use since its inception. (Defendants' Facts at ¶ 12)

The commercial vehicle that forms the basis for this litigation (and for the Plaintiff's claims against the Defendants) was sold, transferred and titled to the corporation, Ben's Hauling, Inc., and not to the Plaintiff, Anderson Araujo. (Defendants' Facts at ¶ 14) Likewise, the subject commercial vehicle was invoiced and billed to the corporation, Ben's Hauling, Inc., and not to the Plaintiff, Anderson Araujo, providing additional evidence of corporate use, control, and ownership of the subject vehicle. (Defendants' Facts at ¶ 15) In fact, it is undisputed that the subject commercial vehicle was purchased by Ben's Hauling, Inc., for exclusive ownership and use by Ben's Hauling, Inc., and for the financial benefit of Ben's Hauling, Inc., contrary to the allegations and assertions of the Plaintiff's Complaint (Defendants' Facts at ¶ 16) There is no evidence on this record tying the Plaintiff, Anderson Araujo, to any individual ownership, use, or control of the subject vehicle that would supersede that of the corporation, Ben's Hauling, Inc.

## STANDARD OF REVIEW

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact issue exists and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) The United States Supreme Court has repeatedly affirmed that the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).) Summary

Judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (Id. at p. 322.) Finally, summary judgment is particularly warranted where the evidence is so one-sided that there is no need for a jury to weigh conflicting evidence. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)

With respect to this current Motion for Summary Judgment, the only undisputed facts relevant to a finding of Summary Judgment pertain to whether or not the Plaintiff, Anderson Araujo, is the real party in interest to the claims asserted against the Defendants in this action. If he is not, then this Court lacks subject matter jurisdiction over the Defendants in this action, and the Plaintiff's claims must be dismissed in their entirety against the Defendants pursuant to FRCP 56, with prejudice and with costs.

## LEGAL ARGUMENT

**The Plaintiff is Not the Real Party in Interest Under Rule 17 of the FRCP**

Under Rule 17(a) of the Federal Rules of Civil Procedure, every action must be prosecuted in the name of the real party in interest. The real party in interest is the person or entity that possesses the substantive right being asserted in the lawsuit. In other words, a party must have a legal interest in the subject matter of the case to maintain the action.

## Legal Standard for Real Party in Interest

The real party in interest is defined as the individual or entity who has the right to bring the claim in question, and it is not merely someone who may be a nominal plaintiff or who has some theoretical stake in the outcome. Fed. R. Civ. P. 17(a); (see also United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 874 (7th Cir. 1947)) ("The real party in interest is the party who, under the substantive law, has the right sought to be enforced.").

## The Plaintiff Has Failed to Establish that he is the Real Party in Interest

In the case at hand, the Plaintiff is not the real party in interest because he does not possess the substantive rights necessary to assert the claims he has made in the lawsuit. The Plaintiff is merely an agent of the corporation, Ben's Hauling, Inc., and serves solely in the capacity of one of its officers. The undisputed facts of this case show that the true party in interest, if one exists, is in fact the corporation, Ben's Hauling, Inc. The corporation is the exclusive party that:

1. Purchased the subject commercial vehicle; and
2. Directly received billing and invoicing for the subject vehicle; and
3. Directly received and took title to and ownership of the subject commercial vehicle; and
4. Utilized and benefitted financially from the subject vehicle for its business operations.

The Plaintiff's failure to establish himself as the real party in interest in this action precludes his ability to achieve proper standing to sue the named Defendants and deprives this Court of subject matter jurisdiction. It is well-established that if the real party in interest is not the Plaintiff named in the Complaint, the court must dismiss the action. See, e.g., Enzo Biochem, Inc. v. Applera Corp., 599 F.3d 1325, 1331 (Fed. Cir. 2010) (holding that "a party who is not the real party in interest may

not bring suit in its own name"); Ambrose v. Ingram, 818 F. Supp. 2d 1036, 1040 (E.D. Wis. 2011) ("A plaintiff who is not the real party in interest may not prosecute an action.")

### The Plaintiff's Failure to Establish his Status as the Real Party of Interest to the Claims Asserted in this Action Results in Lack of Subject Matter Jurisdiction

When a party is not the real party in interest, the court lacks subject matter jurisdiction over the case. As the Seventh Circuit has explained, "If a party does not have standing or is not the real party in interest, the court must dismiss the action for lack of jurisdiction." Hanes v. Bank of America, 163 F. App'x 391, 392 (7th Cir. 2006) (citing Fed. R. Civ. P. 12(h)(3)).

### SUMMARY

Defendants Michael T. Wedelstadt, Graveyard Auto, LLC, and AutoPro Express, Inc., respectfully submit this memorandum of law in support of their Motion for Summary Judgment, asserting that Plaintiff, Alejandro Araujo, is not the real party in interest, and that any claims for relief should have been brought in the name of a proper party in interest with proper standing to bring forth their claims in this forum. The Defendants respectfully assert that this Court, therefore, lacks subject matter jurisdiction under Rule 17 of the Federal Rules of Civil Procedure. As demonstrated above, the Plaintiff has failed to establish that they are the proper party to bring this suit, and thus, this Court should enter an Order for summary judgment in accordance with Rule 56 of the FRCP, and dismiss this action for lack of jurisdiction as to all named Defendants, with prejudice and with costs.

Respectfully submitted this 9th day of December, 2024.

                                                  LAW OFFICE OF FRANZ J. MAURER

                                                  By:   */s/Franz J. Maurer*
                                                          Attorney for Defendants

506 N. Oneida Street
Appleton, WI 54911
(920) 574-2720-telephone
fmaurer@foxvalleylegal.com