UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

**ANDERSON ARAUJO**
9 Oakley Road
White Plains, NY 10606
        Plaintiff,

vs.                                     **Case No.** 23-CV-1190

**MICHAEL T. WEDELSTADT**
1405 N. 16th Street
Sheboygan, WI 53081

**GRAVEYARD AUTO, LLC**
W10801 Shaky Lake Road
Hortonville, WI 54944

**AUTOPRO EXPRESS, INC.**
W10890 School Road
Fremont, WI 54940

**XYZ INSURANCE COMPANY**
An unknown company
        Defendant.
_____

## DEFENDANTS' REPLY BRIEF
_____

      Defendants Michael T. Wedelstadt, Graveyard Auto, LLC, and AutoPro Express, Inc., (hereinafter "Defendants"), by and through their attorney, Franz J. Maurer, and pursuant to Rules 56 and 12(b), and 12(h)(3) of the Federal Rules of Civil Procedure, hereby submit the following Reply to Plaintiff's Response to Defendants' Motion for Summary Judgement and Dismissal.

# ARGUMENT

It must first be stated that the Defendants' original Memorandum in Favor of Defendants' Motion for Summary Judgement and for Dismissal of the Plaintiff's Complaint contained several erroneous citations with respect o the legal standard of review for defining a real party in interest and establishing lack of subject matter jurisdiction. Counsel for the Plaintiff utilized a new legal research medium that he had not used in the past. Either this medium was corrupt, or the site had been otherwise compromised. This medium generated several case citations that were incorrect, despite giving the impression to Defendants' counsel that these cases had been properly key cited or shepardized. This unfortunately was not the case. Upon additional review of the case citations, it became apparent that these citations were incorrect. In twenty-eight (28) years of practice in both State of Wisconsin Circuit Court and Federal Court, this has not previously occurred. Counsel for the Defendants apologizes for any confusion related to these citations.

The incorrect citations all pertained to defining the real party in interest, and are as follows:

1) *United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 874 (7th Cir. 1947)*
2) *Enzo Biochem, Inc. v. Applera Corp., 599 F.3d 1325, 1331 (Fed. Cir. 2010)*
3) *Ambrose v. Ingram, 818 F. Supp. 2d 1036, 1040 (E.D. Wis. 2011)*
4) *Hanes v. Bank of America, 163 F. App'x 391, 392 (7th Cir. 2006) (citing Fed. R. Civ. P. 12(h)(3)).*

Based on these erroneous citations, the Defendants formally withdraw those cases from consideration in Defendants' Memorandum. The Defendant has prepared an Amended Memorandum reflecting these omissions that is filed separately with this Court, but incorporated herein by reference. Counsel for the Defendants have taken every step available to ensure that this issue never reoccurs, and will be returning to its previous legal research medium. In fairness to counsel for the Plaintiff, the Defendants are not including any additional caselaw to this Reply Brief.

The Defendants' argument for Summary Judgement remains the same however. The Defendants believe that the Plaintiff, Anderson Araujo, is not the real party of interest under Fed. R. Civ. P. 17. The Plaintiff has argued that this fact was known to the Defendants more than three and a half years before the Complaint was filed against them. (See *Plaintiff's Response to Defendants' Motion for Summary Judgement* at P.5, ll. 6-9.) This is simply not the case. The extent of Ben's Hauling, Inc.'s involvement and interest in the subject transaction was not fully known to the Defendants until July 11, 2024, when the Plaintiff Anderson Araujo was deposed. This is established by the numerous citations to the deposition record that were utilized as the factual basis for dismissal of the Plaintiff's Complaint as items 7-9, 11-12, and 14-16. (See *Defendants' Statement of Undisputed Facts* at Pp. 3-4.) These issues were timely raised after the settlement agreement of the parties failed to take place.[1] The primary issue before the Court remains who is the real party in interest in this litigation, regardless of when the Defendants' Motion was filed.

## SUMMARY

Defendants Michael T. Wedelstadt, Graveyard Auto, LLC, and AutoPro Express, Inc., respectfully renew their request for Summary Judgement and for dismissal of the Plaintiff's Complaint on the basis of subject matter jurisdiction under Rule 17 of the Federal Rules of Civil Procedure. The Plaintiff seeks leave of this Court to amend the Plaintiff's Complaint, not to remove the Plaintiff Anderson Araujo, but instead, to add Ben's Hauling, Inc., to the Complaint. The Defendants do not believe that the Plaintiff should be able to amend his Complaint at this late stage of pleading. Just as counsel for the Plaintiff seeks to admonish the Defendants' timing on filing this

---

[1] It should be noted that the failure of the settlement was not due to the Defendants' breach of the settlement agreement as alleged in the Plaintiff's Response at P. 2. Instead, it was the Plaintiff's breach which caused the settlement to fail for his failure to deliver a properly operating vehicle, despite the Defendant Michael Wedelstadt traveling all the way to the East Coast in anticipation of consummation of the deal.

Motion, counsel for the Plaintiff knew full well the specific role that Ben's Hauling, Inc., played in this transaction at the time the Plaintiff filed the Complaint, yet failed to name this entity as a Plaintiff in the original action. Even in the event that the Court entertains a modification to the pleadings, it should reflect Ben's Hauling, Inc., and not the Plaintiff Anderson Araujo as the surviving Plaintiff in this action.

Respectfully submitted this 20th day of January, 2025.

                                            LAW OFFICE OF FRANZ J. MAURER

                                            By:   */s/Franz J. Maurer*
                                                   Attorney for Defendants

506 N. Oneida Street
Appleton, WI 54911
(920) 574-2720-telephone
fmaurer@foxvalleylegal.com