UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDERSON ARAJUO,

        Plaintiff,

        v.                                          Case No. 23-C-1190

MICHAEL T. WEDELSTADT,
GRAVEYARD AUTO LLC,
AUTOPRO EXPRESS INC., and
XYZ INSURANCE COMPANY,

        Defendants.

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

      Plaintiff Anderson Arajuo brought this action against Defendants Michael T. Wedelstadt, Graveyard Auto LLC, AutoPro Express Inc., and XYZ Insurance Company, asserting claims of property loss through fraudulent misrepresentation under Wis. Stat. §§ 943.203 and 895.446 and unfair trade practice under Wis. Stat. § 100.18. Arajuo alleges that he owned an auto transport business located in White Plains, New York, and saw an advertisement that listed a used 1998 Peterbilt 379 and a used 2005 Cottrell car hauling trailer listed for sale by Defendants. Arajuo asserts Defendants provided him with a service invoice from Michigan CAT, a corporation that services engines used to power trucks and generators, that listed a complete engine overhaul on the truck. Arajuo purchased the truck and trailer based on the fact that Michigan CAT performed the complete engine overhaul. After purchasing the truck and trailer, Arajuo contacted Michigan CAT inquiring about the engine overhaul, and Michigan CAT stated that the invoice was for an engine overhaul made to a different truck with a different VPN. Arajuo claims Defendants altered

the invoice to create the belief that the truck was worth more than it was and induce Arajuo to purchase the truck and that he has suffered economic losses as a result.

On December 9, 2024, Defendants filed a motion for summary judgment, arguing that the complaint fails to name a real party in interest as required by Federal Rule of Civil Procedure 17. Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Before turning to the merits of Defendants' motion for summary judgment, the court will address the conduct of Defendants' counsel in this case. Counsel's brief in support of the motion for summary judgment includes citations to non-existent cases. Counsel admits that he utilized a "new legal research medium" that he had not used before. Defs.' Reply Br. at 2, Dkt. No. 35. He asserts that "[e]ither this medium was corrupt, or the site had been otherwise compromised" and filed an amended brief that omits the non-existent cases. *Id.*

Federal Rule of Civil Procedure 11 provides that, by presenting a submission to the court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024). To the extent counsel used an artificial intelligence tool (e.g., ChatGPT) that generated fake case citations, this is unacceptable. Counsel is warned that any future filings with citations to nonexistent cases may result in sanctions. The court now turns to the merits of Defendants' motion.

2

Defendants argue that the case must be dismissed because Arajuo is not the real party in interest and, thus, is not entitled to maintain this action. They contend that the commercial vehicle was sold, transferred, and titled to Arajuo's corporation, Ben's Hauling Inc., not Arajuo. Federal Rule of Civil Procedure 17 requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17 provides, however, that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

Arajuo asserts that he is a real party in interest because he is the sole, exclusive owner of Ben's Hauling Inc. and that he titled the truck in the name of Ben's Hauling Inc. as required by his insurance company. He contends that he and Ben's Hauling Inc. operate interchangeably and are effectively "one and the same," and that all profits and losses associated with Ben's Hauling Inc. are profits and losses exclusively borne by Arajuo. Pl.'s Br. at 6, Dkt. No. 32. Even if Arajuo is not the real party in interest in this suit, Ben's Hauling Inc. has ratified this suit. Araujo, as the sole owner of Ben's Hauling Inc., submitted an affidavit, which was not contradicted, ratifying Arajuo's lawsuit on behalf of Ben's Hauling Inc. This affidavit is sufficient to effect ratification. *See CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 502 (7th Cir. 2010). For these reasons, Defendants' motion for summary judgment is denied.

One final matter warrants comment. Arajuo filed this action in this court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. He alleges that he is an adult citizen and resident of the State of New York; Ben's Hauling Inc. is registered and incorporated in New York; Wedelstadt is an adult citizen and resident of the State of Wisconsin; Graveyard Auto LLC is a

3

limited liability corporation registered in Wisconsin with a principal place of business in Wisconsin; and AutoPro Express Inc. is a business corporation registered in Wisconsin with a principal place of business in Wisconsin. The court is unable to determine whether or not complete diversity exists. LLCs are citizens of the states in which their members are citizens. *See Belleville Catering Co. v Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Arajuo has failed to advise the court of the states of citizenship of Graveyard Auto LLC's members. Arajuo must file a supplemental jurisdictional statement that indicates the states of citizenship of Graveyard Auto LLC's members within 30 days of the date of this order.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that Arajuo must file a supplemental jurisdictional statement that indicates the states of citizenship of Graveyard Auto LLC's members within 30 days of the date of this order. Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.

Dated at Green Bay, Wisconsin this 22nd day of January, 2025.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
